# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| MASTERCRAFT BOAT COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: |
| BRUNSWICK CORPORATION, | ) ) | (JURY DEMANDED) |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff MasterCraft Boat Company, LLC, for its Complaint against Defendant Brunswick Corporation, hereby alleges as follows:

### Nature of the Action

1.      This is an action for trademark infringement, unfair competition, violation of the Tennessee Consumer Protection Act, trademark dilution, and breach of contract.  The causes of action alleged herein arise out of Brunswick Corporation's unauthorized use of the names X-SERIES, X210, X214, X230, X234, X250, and X254 for a line of boats.

### The Parties

2.      Plaintiff MasterCraft Boat Company, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Cherokee Cove Drive, Vonore, Tennessee 37885.  As used herein, "MasterCraft" collectively refers to MasterCraft Boat Company, LLC and its predecessors, including but not limited to MasterCraft Boat Company, Inc.

3.      On information and belief, Defendant Brunswick Corporation is a corporation organized and existing under the laws of State of Delaware, with its principal place of business

located at 1 North Field Court, Lake Forest, Illinois 60045.  As used herein, "Brunswick" collectively refers to Brunswick Corporation and its divisions, subsidiaries, and affiliates, including but not limited to Brunswick Boat Group.

4.     On information and belief, Brunswick is registered to do to business in the State of Tennessee, and its registered agent, CT Corporation System, is located at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

5.     On information and belief, Brunswick Boat Group is a division of Brunswick Corporation and has its headquarters in Knoxville, Tennessee.  On information and belief, Brunswick Boat Group manufactures and markets the boats that are the subject of this Complaint.  On information and belief, Brunswick Boat Group has manufacturing facilities in at least seven states, including one in Vonore, Tennessee, and at least nine foreign countries.

## Jurisdiction and Venue

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over MasterCraft's state law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to MasterCraft's federal claims and form part of the same case or controversy.

7.     This Court has general personal jurisdiction over Brunswick based on its continuous and systematic contacts with Tennessee, including but not limited to, Brunswick Boat Group's aforementioned Knoxville, Tennessee headquarters and Vonore, Tennessee manufacturing facility, both of which are located in this District.

8.     This Court has specific personal jurisdiction over Brunswick because Brunswick has purposefully availed itself of the privilege of transacting business in Tennessee.  On

information and belief, Brunswick sells the boats that are the subject of this Complaint through dealers located in Tennessee, including dealers located in this District.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## MasterCraft and Its X-SERIES Family of Trademarks

10.     Founded in 1968, MasterCraft is one of the largest producers of inboard ski, wakeboard, and luxury performance powerboats in the world. All of MasterCraft's boats are hand-built in Vonore, Tennessee, where MasterCraft employs approximately 400 people. MasterCraft sells its boats throughout the United States and in over 30 foreign countries.

11.     In 1996, MasterCraft introduced the industry's first true high-performance wakeboard boat under the trademark X-STAR. In 1999, MasterCraft introduced another wakeboarding boat under the trademark X5. In 2000, MasterCraft introduced three more wakeboarding boats under the trademarks X9, X10, and X30, and began referring to the X-STAR, X5, X9, X10, and X30 boats as the X-SERIES, as shown, for example, in the following screenshot from an archived version of MasterCraft's website.



12.     Since 2000, MasterCraft has continuously marketed a line of boats under the trademark X-SERIES.  Such boats have included, in addition to the aforementioned X-STAR, X5, X9, X10, and X30 boats, twelve other boats marketed under the trademarks X1, X2, X7, X14, X14V, X15, X25, X35, X45, X46, X55, and X80.

13.     While the specific composition of MasterCraft's X-SERIES lineup has changed over the years, ever since 2000, the lineup has included the X-STAR and multiple boats with names consisting of the letter X followed by a number.

14.     MasterCraft's current 2014 model year lineup of X-SERIES boats includes the X2, X10, X14V, X25, X30, X35, X46, X55, and X-STAR.

15.     MasterCraft's aforementioned X-SERIES, X1, X2, X5, X7, X9, X10, X14, X14V, X15, X25, X30, X35, X45, X46, X55, X80, and X-STAR trademarks constitute a family of trademarks, collectively referred to herein as the "X-SERIES Family of Marks."

16.     All of the MasterCraft boats identified by the X-SERIES Family of Marks are especially suited for wakeboarding, and all come equipped with wakeboard-specific features such as wakeboard towers and board racks.

17.     Ever since 2000, MasterCraft has marketed all of the X-SERIES boats together under the X-SERIES trademark, and has prominently featured the common letter X shared by all of the X-SERIES Family of Marks both on the boats and in marketing and promotional materials.  As a result of extensive use and promotion, consumers have come to recognize and rely upon the X-SERIES Family of Marks, both collectively and individually, as indicators of origin, and to associate the X-SERIES Family of Marks, both collectively and individually, with MasterCraft's boats.

18.     MasterCraft's X-SERIES boats have enjoyed tremendous worldwide acclaim and have been consistently showcased in high-profile wakeboarding events.  The X-STAR boat was voted WakeWorld.com's Rider's Choice Wakeboard Boat of The Year nine years out of ten from 2003 to 2012.  In 2010, MasterCraft won a NMMA Innovation Award for pioneering technology in the X25 boat.

19.     Prior to the acts complained of herein, MasterCraft's X-SERIES Family of Marks had achieved fame in Tennessee and elsewhere, especially among recreational boaters and watersports performers, and wakeboarders in particular.

20.     Through extensive use, promotion, and recognition, the X-SERIES Family of Marks have become valuable assets that symbolize the high-quality of MasterCraft's boats and the substantial goodwill associated therewith.

21.     The U.S. Patent and Trademark Office ("USPTO") has granted more than a dozen federal trademark registrations to MasterCraft for certain of the X-SERIES Family of Marks. The registrations on which MasterCraft relies for purposes of this action ("Registered Marks") are described below.

22.     MasterCraft is the owner of valid, subsisting, and incontestable U.S. Registration No. 2,180,436, which the USPTO granted to MasterCraft on August 11, 1998, for the trademark X-STAR as used in connection with boats.  A true copy of U.S. Registration No. 2,180,436 is attached as Exhibit 1 and incorporated by reference herein.

23.     MasterCraft is the owner of valid, subsisting, and incontestable U.S. Registration No. 2,746,144, which the USPTO granted to MasterCraft on August 5, 2003, for the trademark X-30 as used in connection with boats.  A true copy of U.S. Registration No. 2,746,144 is attached as Exhibit 2 and incorporated by reference herein.

24.     MasterCraft is the owner of valid, subsisting, and incontestable U.S. Registration No. 2,905,813, which the USPTO granted to MasterCraft on November 30, 2004, for the trademark X2 as used in connection with boats.  A true copy of U.S. Registration No. 2,905,813 is attached as Exhibit 3 and incorporated by reference herein.

25.     MasterCraft is the owner of valid and subsisting U.S. Registration No. 3,831,475, which the USPTO granted to MasterCraft on August 10, 2010, for the trademark X25 as used in connection with boats.  A true copy of U.S. Registration No. 3,831,475 is attached as Exhibit 4 and incorporated by reference herein.

26.     MasterCraft is the owner of valid and subsisting U.S. Registration No. 3,831,476, which the USPTO granted to MasterCraft on August 10, 2010, for the trademark X55 as used in connection with boats.  A true copy of U.S. Registration No. 3,831,476 is attached as Exhibit 5 and incorporated by reference herein.

27.     MasterCraft is the owner of valid and subsisting U.S. Registration No. 4,309,965, which the USPTO granted to MasterCraft on March 26, 2013, for the trademark X-SERIES as used in connection with boats.  A true copy of U.S. Registration No. 4,309,965 is attached as Exhibit 6 and incorporated by reference herein.

28.     MasterCraft is the owner of valid and subsisting U.S. Registration No. 4,359,317, which the USPTO granted to MasterCraft on June 25, 2013, for the trademark X10 as used in connection with boats.  A true copy of U.S. Registration No. 4,359,317 is attached as Exhibit 7 and incorporated by reference herein.

29.     MasterCraft's incontestable registrations provide, *inter alia*, conclusive evidence (and the additional registrations provide *prima facie* evidence) of MasterCraft's exclusive right

to use the Registered Marks in commerce pursuant to 15 U.S.C. § 1115(b), and nationwide

constructive notice of MasterCraft's exclusive rights pursuant to 15 U.S.C. § 1072.

30.     In addition to MasterCraft's Registered Marks, MasterCraft has common law

rights in its entire X-SERIES Family of Marks.

31.     MasterCraft actively polices and protects its X-SERIES Family of Marks, and on

numerous occasions has stopped others from using confusingly similar boat names, designations,

and hull graphics.  To the best of MasterCraft's knowledge, if not for Brunswick's unauthorized

use of the names X-SERIES, X210, X214, X230, X234, X250, and X254, MasterCraft would be

the only one currently using the name X-SERIES, or a name that begins with the letter X

followed by a number, in the United States to identify boats designed to tow wakeboarders,

water skiers, kneeboarders, or the like.

## The License Agreement

32.     On September 9, 2003, MasterCraft entered into a Trademark License Agreement

("License Agreement") with Triton Boat Company, L.P. ("Triton"), a manufacturer of bass

boats.  A true copy of the License Agreement is attached as Exhibit 8 and incorporated by

reference herein.

33.     Pursuant to Section 2 of the License Agreement, MasterCraft (referred to in the

License Agreement as "LICENSOR") granted Triton (referred to in the License Agreement as

"LICENSEE") "a non-exclusive license to use the [X-SERIES] Mark in the United States of

America, with or without a hyphen, as an identification of source for bass boats that are built by

LICENSEE according to plans approved by LICENSOR."

34.     Pursuant to Section 4(a) of the License Agreement, Triton acknowledged and

stipulated that "the term X-SERIES is a valid and enforceable trademark owned exclusively by

627664v1

-7-

LICENSOR and that, pursuant to such ownership, LICENSOR has the exclusive right to use the term X-SERIES, with or without a hyphen and in whatever style or spelling, and accompanied by whatever design or artwork, as decoration, ornamentation, adornment, or indication of source, origin, sponsorship, affiliation, or endorsement on or for boats."  Triton agreed "never to contend otherwise in legal proceedings or in any other circumstances, nor to use the term X-SERIES (with or without hyphen) in any of the ways just enumerated, except under the authorization of this or some other written license agreement with LICENSOR or its successor in interest to the Mark, so long as the Mark continues to be owned by LICENSOR or a successor in interest to LICENSOR."

35.     Section 10 of the License Agreement provides that "LICENSEE shall not assign, encumber, sublicense, or otherwise transfer this Agreement or any rights granted hereunder without the prior written consent of LICENSOR, and any purported such transfer agreement that has been executed by LICENSEE without the prior written consent of LICENSOR shall be null and void."

36.     Section 11(a) of the License Agreement provides that "[t]he license granted herein shall remain in effect for two (2) years from the date of this Agreement and shall thereafter automatically renew repeatedly and indefinitely for 1-year periods, unless one party notifies the other in writing sixty (60) days or more prior to the expiration of a license period that it elects not to continue the license beyond that period, or unless the license is sooner terminated pursuant to one of the following paragraphs of this Section."

37.     Section 12(b) of the License Agreement provides that "[i]n the event of termination of this license in any manner and for any cause, LICENSEE's obligations and agreements set forth in Section 4 herein shall remain in full force and effect."

38.     MasterCraft terminated the license granted under the License Agreement effective September 9, 2013.  At all times between September 9, 2003 and September 9, 2013, the License Agreement remained in full force and effect.

## Brunswick's Assumption of the License Agreement

39.     On April 7, 2005, MasterCraft's attorney sent a letter to Brunswick complaining about Brunswick's use of the designation XT and associated graphics in connection with certain boats sold by Brunswick's Bayliner division, which MasterCraft asserted infringed its X-SERIES Family of Marks.

40.     In a letter to MasterCraft's attorney dated April 22, 2005, H. Douglas Kitts, Brunswick Boat Group's Vice President-General Counsel, denied the existence of any confusion arising from Bayliner's use of the XT designation and assured MasterCraft that Brunswick's "graphics will never include numbers such as X-30."

41.     Attorneys for MasterCraft and Brunswick continued to exchange letters regarding the XT dispute through the end of 2005, but were unable to reach a resolution.

42.     Meanwhile, in or around May of 2005, Brunswick acquired Triton.

43.     Following Brunswick's acquisition of Triton, MasterCraft notified Brunswick that its continued use of the X-SERIES trademark in connection with Triton bass boats was unlicensed because no one had obtained MasterCraft's consent to transfer the License Agreement to Brunswick.

44.     On January 9, 2006, MasterCraft's attorney sent a letter to Mr. Kitts demanding that Brunswick stop using the X-SERIES trademark by no later than January 26, 2006.  A true copy of the January 9, 2006 letter to Mr. Kitts is attached as Exhibit 9 and incorporated by reference herein.

45.     In a letter to MasterCraft's attorney dated January 16, 2006, Mr. Kitts proposed a resolution to all trademark disputes then pending between Brunswick and MasterCraft. Specifically, Brunswick proposed "to discontinue the use of the XT graphics at the conclusion of the 2006 model year ending June 30, 2006," and requested "a continuation of the license agreement with Triton for the continued use of X-SERIES." In his letter, Mr. Kitts stated that Brunswick understands "the use of X-SERIES is obviously limited to Triton under the license agreement." A true copy of Mr. Kitts' January 16, 2006 letter is attached as Exhibit 10 and incorporated by reference herein.

46.     On March 13, 2006, MasterCraft's attorney sent a letter to Mr. Kitts, stating that "[i]f Brunswick will agree to drop its use of the XT graphics by June 30, 2006, MasterCraft will consent to the assignment to Brunswick of Triton's rights and responsibilities under the September 9, 2003 Trademark License Agreement between MasterCraft and Triton." A true copy of the March 13, 2006 letter to Mr. Kitts is attached as Exhibit 11 and incorporated by reference herein.

47.     In a letter to MasterCraft's attorney dated June 13, 2006, Mr. Kitts confirmed that "Bayliner will discontinue the use of the XT mark for production boats effective June 30, 2006." In the letter, Mr. Kitts further stated: "This is also to confirm MasterCraft's consent to the assignment to Brunswick of Triton's rights and responsibilities under the September 9, 2003 Trademark License Agreement between MasterCraft and Triton to the extent that Triton desires to continue use of such marks." A true copy of Mr. Kitts' June 13, 2006 letter is attached as Exhibit 12 and incorporated by reference herein.

48.     On information and belief, Brunswick thereafter continued to use the X-SERIES trademark to identify Triton bass boats pursuant to the License Agreement.

49.     On information and belief, in or around July of 2010, Brunswick sold the Triton business to Fishing Holdings, LLC ("Fishing Holdings").

50.     MasterCraft did not consent to a further transfer of the License Agreement from Brunswick to Fishing Holdings.  Therefore, following Brunswick's sale of the Triton business to Fishing Holdings, the rights and responsibilities that Brunswick had previously assumed under the License Agreement remained with Brunswick.

51.     On July 1, 2013, MasterCraft's attorney sent a letter to Brunswick informing Brunswick that MasterCraft was electing not to continue the License Agreement beyond the current term, which ended on September 9, 2013.  A true copy of the July 1, 2013 letter to Brunswick is attached as Exhibit 13 and incorporated by reference herein.

52.     Although the License Agreement is now terminated, by operation of Sections 4(a) and 12(b), Brunswick remains contractually prohibited from (i) contesting that the term X-SERIES is a valid and enforceable trademark owned exclusively by MasterCraft, and (ii) using the term X-SERIES as decoration, ornamentation, adornment, or indication of source, origin, sponsorship, affiliation, or endorsement on or for boats, except as authorized by MasterCraft.

53.     MasterCraft has never authorized Brunswick to use the X-SERIES trademark in connection with anything other than bass boats, and since September 9, 2013, has not authorized Brunswick to use the X-SERIES trademark in connection with boats of any type.

**Brunswick's Lowe X-SERIES Boats**

54.     Beginning in model year 2013, Brunswick started using the name X-SERIES to identify a line of six boat models sold by its Lowe division, which models include the X210, X214, X230, X234, X250, and X254 (collectively, the "Lowe X-SERIES Boats").  The

following is a screenshot from the Lowe website showing the full lineup of Lowe boats,

including the Lowe X-SERIES Boats.



55.     On the Lowe website, another screenshot of which is shown below, Brunswick

describes the Lowe X-SERIES Boats as follows:  "Adrenaline meets style in the all-new X

Series Lowe Pontoons with sleek new rail lines, 15 exciting graphic packages, powerful new outboard combinations and available stainless steel ski towers with built-in speakers and board racks."



56. On information and belief, Brunswick offers wake towers, wakeboard and kneeboard racks, and ski tows as options on each of the Lowe X-SERIES Boats.

627664v1

-13-

57. Attached as Exhibit 14 and incorporated by reference herein are true copies of screenshots from the Lowe website, describing each of the Lowe X-SERIES Boats.

58. Attached as Exhibit 15 and incorporated by reference herein are true copies of brochures downloaded from the Lowe website for each of the Lowe X-SERIES Boats.

59. None of the Lowe X-SERIES Boats is a bass boat within the meaning of the License Agreement.

60. MasterCraft has never in any way authorized, licensed, or consented to Brunswick's use of the names X-SERIES, X210, X214, X230, X234, X250, and X254 in connection with the Lowe X-SERIES Boats.

61. Brunswick's unauthorized use of the names X-SERIES, X210, X214, X230, X234, X250, and X254 in connection with the Lowe X-SERIES Boats is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Brunswick with MasterCraft, or as to the origin, sponsorship, or approval of the Lowe X-SERIES Boats by MasterCraft.

62. Like MasterCraft, Brunswick uses the name X-SERIES to identify a line of boats, and each boat within that line has a name that begins with the letter X followed by a number.

63. Like MasterCraft, Brunswick markets the Lowe X-SERIES Boats to consumers interested in watersports such as wakeboarding.

64. Like MasterCraft, Brunswick prominently features the common letter X shared by the names of each of the Lowe X-SERIES Boats, both on the boats and in marketing and promotional materials. For example, custom wrap A, shown in the graphic included in paragraph 55 above, includes stylized Xs. On the Lowe website, also shown in paragraph 55 above, the X in X-SERIES is more prominent than any other text on the page. As shown below,

selecting a Lowe X-SERIES Boats on the Lowe website causes a red X to appear over the selected boat.



65.     On May 20, 2013, promptly after MasterCraft first learned of the Lowe X-SERIES Boats, MasterCraft's attorney sent a cease-and-desist letter to Lowe Boats (which, on information and belief, is a division of Brunswick).  In that letter, MasterCraft notified Lowe Boats that its use of the names X-SERIES, X210, X214, X230, X234, X250, and X254 infringes MasterCraft's X-SERIES Family of Marks and demanded that Lowe Boats stop using those names by no later than June 17, 2013.

66.     Brunswick responded on June 14, 2013, denying infringement and refusing MasterCraft's demand that it stop using the X-SERIES, X210, X214, X230, X234, X250, and X254 names.

67.     On June 21, 2013, MasterCraft's attorney sent another letter to Brunswick, again explaining why Brunswick's use of the names X-SERIES, X210, X214, X230, X234, X250, and X254 infringes MasterCraft's X-SERIES Family of Marks, informing Brunswick that its use of the name X-SERIES additionally violates Section 4(a) of the License Agreement, and urging Brunswick to reconsider its position.

68.     Despite MasterCraft's repeated demands, Brunswick continues to use the names X-SERIES, X210, X214, X230, X234, X250, and X254 in connection with the Lowe X-SERIES Boats.

69.     On information and belief, Brunswick began using and has continued to use the names X-SERIES, X210, X214, X230, X234, X250, and X254 with knowledge of MasterCraft's prior and ongoing use of the X-SERIES Family of Marks, with knowledge that MasterCraft's X-SERIES Family of Marks had achieved fame especially among recreational boaters and watersports performers, and with knowledge that the License Agreement prohibits Brunswick from using the X-SERIES name in connection with the Lowe X-SERIES Boats.  Accordingly, Brunswick's wrongful acts complained of herein have been willful, knowing, and in bad faith.

70.     As a direct and proximate result of Brunswick's wrongful acts, MasterCraft has suffered a loss of exclusivity and harm to its business, reputation, and goodwill that is severe and irreparable.  MasterCraft lacks an adequate remedy at law for this harm.  Unless restrained and enjoined by this Court, Brunswick will continue its wrongful acts, thereby causing MasterCraft further irreparable harm.

## COUNT I
## Infringement of Registered Marks

71.     MasterCraft repeats all of the above allegations as if fully set forth herein.

72.     Brunswick's acts complained of herein constitute infringement of MasterCraft's Registered Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.     On information and belief, Brunswick's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT II
## Violation of Lanham Act Section 43(a)

74.     MasterCraft repeats all of the above allegations as if fully set forth herein.

75.     Brunswick's acts complained of herein constitute false designations of origin, false or misleading descriptions of act, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76.     On information and belief, Brunswick's false designations of origin, false or misleading descriptions of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III
## Common Law Unfair Competition

77.     MasterCraft repeats all of the above allegations as if fully set forth herein.

78.     Brunswick's acts complained of herein constitute trademark infringement and unfair competition under the common law of Tennessee.

## COUNT IV
## Violation of Tennessee Consumer Protection Act

79.     MasterCraft repeats all of the above allegations as if fully set forth herein.

80.     Brunswick's acts complained of herein constitute a violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(b).

627664v1

-17-

81.     In particular, Brunswick's unauthorized use of the names X-SERIES, X210, X214, X230, X234, X250, and X254 causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the Lowe X-SERIES Boats, and causes a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, MasterCraft, in violation of Tenn. Code Ann. § 47-18-104(b)(2) and (3).

82.     On information and belief, Brunswick's violations of the Tennessee Consumer Protection Act have been willful and knowing.

**COUNT V**
**Violation of Tennessee Anti-Dilution Statute**

83.     MasterCraft repeats all of the above allegations as if fully set forth herein.

84.     Brunswick's acts complained of herein dilute the distinctive quality of MasterCraft's X-SERIES Family of Marks and lessen their capacity to uniquely identify MasterCraft's boats, in violation of Tenn. Code Ann. § 47-25-513.

85.     On information and belief, Brunswick has willfully intended to trade on MasterCraft's reputation and cause dilution of MasterCraft's X-SERIES Family of Marks.

**COUNT VI**
**Breach of Contract**

86.     MasterCraft repeats all of the above allegations as if fully set forth herein.

87.     Brunswick's acts complained of herein constitute a breach of at least Section 4(a) of the License Agreement, which prohibits Brunswick from using the term X-SERIES as decoration, ornamentation, adornment, or indication of source, origin, sponsorship, affiliation, or endorsement on or for boats, except as authorized by MasterCraft.

88. Brunswick's use of the X-SERIES name in connection with the Lowe X-SERIES Boats is and always has been without MasterCraft's authorization and therefore is in breach of Section 4(a) of the License Agreement.

## Prayer for Relief

WHEREFORE, MasterCraft requests the following relief:

1. Preliminary and permanent injunctions enjoining Brunswick and its divisions, subsidiaries, affiliates, dealers, officers, agents, servants, employees, successors, and assigns, and all others in active concert or participation with any of the foregoing, from:

   i) selling, offering to sell, promoting, distributing, marketing, and advertising the Lowe X-SERIES Boats;

   ii) using any name or designation consisting of or comprising X-SERIES, X210, X214, X230, X234, X250, X254, or the letter X followed by any other number in connection with boats;

   iii) using any other name or designation similar to any of MasterCraft's X-SERIES Family of Marks that is likely to cause confusion, to cause mistake, or to deceive; and

   iv) assisting, aiding, or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs i) through iii) above.

2. An order pursuant to 15 U.S.C. § 1116 directing Brunswick to file with the Court and serve on MasterCraft, within 30 days after the service on Brunswick of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Brunswick has complied with the injunction.

3. An order pursuant to 15 U.S.C. § 1118 directing Brunswick to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements its possession that bear any of the names X-SERIES, X210, X214, X230, X234, X250, or X254.

4. A monetary judgment awarding MasterCraft:

i) Brunswick's profits resulting from its wrongful acts, increased up to three times;

ii) an amount adequate to compensate MasterCraft for damages resulting from Brunswick's wrongful acts, increased up to three times;

iii) the costs of this action;

iv) its reasonable attorney fees; and

v) pre- and post-judgment interest.

5. Such other and further relief as the Court deems just and proper.

## Jury Demand

MasterCraft hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

Dated: November 13, 2013                    */s/ James M. Cornelius, Jr.*
                                            James M. Cornelius, Jr. BPR # 014802
                                            Melissa B. Carrasco, BPR # 029094
                                            EGERTON MCAFEE ARMISTEAD & DAVIS, P.C.
                                            900 S. Gay Street
                                            Knoxville, TN 37902
                                            Tel: (865) 546-0500
                                            Fax: (865) 525-5293
                                            jcorneliusjr@emlaw.com
                                            mbc@emlaw.com

                                            Edmund J. Haughey (to be admitted *pro hac vice*)
                                            FITZPATRICK, CELLA, HARPER & SCINTO
                                            975 F Street, NW
                                            Washington, DC 20004-1462
                                            Tel: (202) 530-1010
                                            Fax: (202) 530-1055
                                            ehaughey@fchs.com

                                            Timothy J. Kelly (to be admitted *pro hac vice*)
                                            FITZPATRICK, CELLA, HARPER & SCINTO
                                            1290 Avenue of the Americas
                                            New York, NY 10104-3800
                                            Tel: (212) 218-2100
                                            Fax: (212) 218-2200
                                            tkelly@fchs.com

                                            *Attorneys for Plaintiff*
                                            *MasterCraft Boat Company, LLC*

627664v1